In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Phillip Evans, #275526,       )<br>                              )<br>                  Petitioner, )<br>                              )<br> vs.                          )<br>                              )<br>E. Richard Bazzle, Warden of Perry )<br>Institution and Henry McMaster, )<br>Attorney General of South Carolina, )<br>                              )<br>                  Respondents. )<br>_____) | Civil Action No. 9:06-0799-GRA-GCK<br><br>**REPORT AND RECOMMENDATION** |

This is a habeas corpus action brought by this pro se Petitioner on March 16, 2006. [Item #1] The Defendants filed a motion for summary judgment on May 8, 2006 [Item #8]. The Petitioner was notified of this filing on May 9, 2006, and given thirty four (34) days in which to respond to the summary judgment motion. [Item #10] On June 13, 2006, Petitioner filed a pleading in which he stated that ". . . this formal letter be considered my response to the State's motion to dismiss." [Item #11] In this same document, Petitioner requests that the Federal action be dismissed without prejudice to allow him the opportunity to raise additional claims in State Court. The Court perceives Petitioner's motion to be pursuant to Rule 41(a)(1) Federal Rules of Civil Procedure. The Respondents oppose this motion and request that their summary judgment motion be ruled upon since the issues have been fully joined. [Item #12]

The Petitioner's motion for voluntary dismissal was denied on June 15, 2006, since it has not been consented to by the Respondents and is made after an answer and motion for summary judgment were filed. Petitioner had not responded to the matters in the Respondents' motion for summary judgment. In an abundance of precaution and in an effort to ensure that the Petitioner had stated to the Court of his legal positions, the petitioner was given an additional twenty (20)

days in which to file any further response to the motion for summary judgment. [Item #14]  The petitioner was advised that if he failed to respond, this action may be dismissed for failure to prosecute.  A dismissal made pursuant to Rule 41(b) of the FRCP, means that the dismissal will be with prejudice and will be considered an adjudication of the merits.  *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  The petitioner elected not to respond.

Based on the foregoing, it appears the petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

IT IS SO ORDERED.


S/George C. Kosko
United States Magistrate Judge

July 10, 2006

Charleston, South Carolina

2

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \***

3

> **\* \*   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").
**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
