UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| PHILLIP EVANS, #275526 | |
| Petitioner, | C/A No. 9:06-0799-GRA-GCK |
| v. | |
| E. RICHARD BAZZLE, Warden of Perry Institution and HENRY MCMASTER, Attorney General of South Carolina. | ORDER |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on July 10, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on March 9, 2006. Respondents filed a return and motion for summary judgment on May 8, 2006. On May 9, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.

On June 13, 2006, Petitioner filed a pleading in which he stated that "…this formal letter be considered my response to the State's motion to dismiss." In the same document, Petitioner requested that the federal action be dismissed without prejudice to allow him the opportunity to raise additional claims in state court. The Petitioner's motion for voluntary dismissal was denied on June 15, 2006, since it had not been consented to by the Respondents and was made after an answer and motion for

1

summary judgment were filed. The Petitioner was given an additional twenty (20) days in which to file any further response to the motion for summary judgment. The Petitioner's response was made on July 6, 2006, the *Houston v. Lack,* 487 U.S. 266 (1988) delivery date. At the time the magistrate filed his Report and Recommendation, no response had been received from the Petitioner. The magistrate recommended a dismissal for failure to prosecute made pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on July 24, 2006.

Petitioner states several objections to the magistrate's Report and Recommendations. First, the Petitioner claims that the magistrate failed to make findings of fact and conclusions of law concerning the objections he made to the Respondent's motion for summary judgment. He claims that these objections were handed over to the Perry Correctional Institution. Second, Petitioner objects to the Respondents' claim that his petition was untimely pursuant to 28 U.S.C. § 2244(d). Third, the Petitioner objects to the Report and Recommendation's failure to recognize that his fourth amendment claim(s) were meritorious.

Because the Petitioner's Writ of Habeas Corpus was untimely pursuant to 28

U.S.C. Section 2244(d), this is dispositive of said petition and the remaining objections will not be addressed.

Petitioner claims in his objections that he is entitled to an additional ninety days counted toward his limitations period, pursuant to *U.S. Sup. Ct., Rule* 13. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to Title 28 provide for a one-year period of limitation on the filing of a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d). Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review. *Id.* Subsection (d)(2) of section 2244 provides that the limitations period tolls while state post-conviction or collateral attack actions are pending. *Id.*

Petitioner's conviction was finalized by the conclusion of direct review on October 4, 2002, the day the South Carolina Court of Appeals issued the remittitur following its opinion affirming Petitioner's convictions. Normally, the ninety (90) day period for seeking certiorari from the United States Supreme Court on direct appeal is included in the time for finalization of conviction. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); *U.S. Sup. Ct. R.* 13(1) (time for filing petition for certiorari with United States Supreme Court is ninety days). However, Petitioner's failure to seek discretionary review from the South Carolina Supreme Court during the direct appeal precludes the possibility of seeking certiorari review by the United States

Supreme Court, as there is not a ruling from the state's highest court on the issue. *See, e.g. S.Ct. R.* 13(1) ("A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within ninety days after entry of the order denying discretionary review.") Since review by the United States Supreme Court would be impossible, it would be futile to include the ninety (90) day time period. Consequently, direct review concluded and the conviction was finalized no later than the day discretionary direct review by the state supreme court was foreclosed and the state court of appeals transferred jurisdiction with the remittitur on October 4, 2002.

From the issuance of the remittitur in the court of appeals on October 4, 2002 until Petitioner filed his Application for Post-Conviction Relief ("APCR") on June 23, 2003, two hundred and sixty-two (262) days of non-tolled time had passed. Beginning on June 23, 2003, the period of limitations was tolled during the pendency of APCR until the South Carolina Court of Appeals issued the remittitur on November 15, 2005 after denying certiorari review on the APCR Order of Dismissal.

Petitioner's *Houston v. Lack* delivery date of his present petition was on March 9, 2006, so an additional one hundred and fourteen (114) days of non-tolled time accrued after the disposition of his APCR until the present action was filed. When the pre- and post-APCR time periods are aggregated, there were at least three hundred and seventy-six (376) days of non-tolled time since Petitioner's period of limitations began to run on October 4, 2002. This aggregate time period exceeds the one-year statute

of limitations required by the AEDPA's amendments to Title 28. *28 U.S.C. § 2244(d)*. Therefore, the present Petition is time-barred and dismissed.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon proper law. Accordingly, the Report and Recommendation is accepted and adopted as modified.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and the Petition be DISMISSED without an evidentiary hearing.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 27, 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.